# United States to use *v.* American Surety Company, Appellant (No. 1).

*Principal and surety—Bond—Suit in name of United States—Public works.*

The act of congress of August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," which authorizes persons supplying labor and materials to contractors for the construction of any public work to bring suit in the name of the United States for his or her use and benefit against the sureties of the contractors, does not impose as a condition precedent to the bringing of such action, the filing of an affidavit of claim with the department having charge of the work for which the bond has been given.   The object of filing the affidavit is simply to secure a copy of the contract and bond.

No action can be sustained against the surety of a contractor under the act of congress of August 13, 1894, before payment has, under the terms of the contract between the parties, become due.  Thus if the parties contract that the contractor shall not pay the material man until the government has paid the contractor, the material man cannot bring suit until the contractor has been paid, and that is the case although the bond given by the contractor to the government was conditioned that he should " promptly make full payment to all persons supplying labor and material."

Argued April 28, 1902.   Appeal, No. 141, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny County, June T., 1901, No. 439, on verdict for plaintiff in case of United States to use of Achilles Ancorani v. American Surety Company of New York.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Reversed.

Assumpsit upon a bond of surety.

At the trial it appeared that on September 7, 1898, W. W. Hegeman and Frederick Russell, trading under the firm name of W. W. Hegeman & Company, entered into a contract with the United States of America to build a dam at Herr's Island, on the Allegheny river, and on September 13, of same year, gave a bond to the United States of America, with the American Surety Company as surety, wherein they covenanted and agreed that they should pay all persons for labor and materials supplied in the prosecution of the work.

On May 29, 1899, Achilles Ancorani, the use plaintiff, entered into a written contract with W. W. Hegeman & Company, to furnish riprap stone and crib filling for building said dam, and it was further agreed and understood that W. W. Hegeman & Company would pay Ancorani on or about the first day of each month for all stone estimated and paid for by the government during the preceding month, retaining ten per cent until final completion of contract under the usual conditions. On June 10, 1899, Achilles Ancorani, the use plaintiff, began to ship stone to W. W. Hegeman & Company, at Herr's Island dam, and the date of the last shipment was December 20, 1899. On August 1, 1899, an action in assumpsit was brought by the use plaintiff against W. W. Hegeman and Fred Russell, doing business as W. W. Hegeman & Company, for $1,298.33, and judgment entered in favor of plaintiff for full amount.

On April 25, 1901, this suit was brought on the bond against

the American Surety Company of New York for the same shipments of stone, before the payment on the final estimate was made by the government in January, 1902, and after the commencement of this suit.

In addition to material furnished, plaintiff claimed $228 for demurrage.

The jury returned the following verdict:

And now, to wit: February 3, 1902, we, the jurors empanelled in the above entitled case, find a verdict for the plaintiff in the sum of $1,462.92, subject to the opinion of the court on the question of law reserved, to wit: whether under the evidence in this case the plaintiff has a right to recover.

The court below was of the opinion that except as to plaintiff's claim for demurrage, which was not allowed, the plaintiff was entitled to recover and directed judgment to be entered upon the question of law reserved, for plaintiff's claim, $1,462.92, less $228, the claim for demurrage, to wit: for $1,234.92.

*Error assigned* was the judgment of the court.

*A. J. Rose*, with him *W. S. Thomas*, for appellant.—The act of 1894, in extending the protection of the bond to labor claims, and conferring the right to sue in the name of the United States, limits that right by a condition, and that condition must be strictly complied with before the right accrues to any party seeking it: Maddox v. Randolph County, 65 Ga. 216; McCann v. Sierra Co., 7 Cal. 121; Billings First Nat. Bank v. Custer Co., 7 Mont. 464; Reining v. Buffalo, 102 N. Y. 308 (6 N. E. Repr. 792); Roberts v. Douglas, 140 Mass. 129 (2 N. E. Repr. 775); May v. Buchanan County, 29 Fed. Repr. 469; Thompson v. Milwaukee, 69 Wis. 492 (34 N. W. Repr. 402).

Judgment was improperly rendered for the item of $686.62, delivered December 20, 1899, and for the ten per cent of the plaintiff's claim, because those items had not been estimated nor paid for by the government prior to the bringing of this action and as to those items the action was premature.

Under the circumstances the estimate and payment were clearly conditions precedent: Byron v. Low, 109 N. Y. 291 (16 N. E. Repr. 45); Del. & Hudson Canal Co. v. Pa. Coal Co., 50 N. Y. 250; United States v. Robeson, 9 Peters, 319.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.—The provisions of the act of congress approved August 13, 1894, relating to furnishing an affidavit to the war department of the government, has reference only to the procuring of the copy of the bond and contract, and it is not a prerequisite to the right to maintain an action. This requirement is for the purpose of satisfying the government official that the person has furnished labor or material on the particular contract: American Surety Company v. United States to use, 77 Ill. App. Ct. Rep. 106.

It is held in the case of United States for use of Vermont Marble Company v. Bergsdorf, 13 D. C. App. 506, that a bond such as that given in the present case should be liberally construed in favor of those persons who furnish such labor and materials for government work, and that the liability of the surety of such bonds is to be governed by the same liberal rule of construction that applies in the assertion of ordinary mechanics' liens rather than by the rule which applies in the case of special private bonds and commercial guaranties, which entitles sureties to have their obligation interpreted with great strictness.

OPINION BY W. D. PORTER, J., July 10, 1902 :

The learned judge of the court below gave a binding instruction to the jury to find a verdict for the plaintiff for the full amount claimed, and from that verdict we have this appeal by the defendant. The assignments of error raise two questions : 1. Does the act of congress, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," Supplement to Revised Statutes of the United States, vol. 2, Nos. 1 to 5, page 236, which authorizes persons supplying labor and materials to contractors for the construction of any public work, to bring suit in the name of the United States, for his or her use and benefit, against the sureties of the contractors ; impose as a condition precedent to the bringing of said action the filing of an affidavit of claim with the department having charge of the work, for which the bond has been given ? 2. Can an action be sustained on such a bond when the suit is brought before the payment has, under the terms of the contract, between the parties, become due ?

The part of the act material for consideration is as follows :

" Persons entering into a formal contract with the United States
for the construction of any public building or the prosecution
and completion of any public work, or for repairs upon any
public building or public work, shall be required before com-
mencing such work to execute the usual penal bond, with good
and sufficient sureties, with the additional obligation that such
contractor or contractors shall promptly make payment to all
persons supplying him or them labor or materials in the prose-
cution of the work provided for in such contract; and any
person or persons making application therefor, and furnishing
affidavit to the department under the direction of which said
work is being or has been prosecuted, that labor or materials
for the prosecution of said work has been supplied by him or
them, and payment for which has not been made, shall be fur-
nished with a copy of said contract and bond, upon which said
person or persons supplying such labor and materials shall have
a right of action, and shall be authorized to bring suit in the
name of the United States, for his or their use and benefit
against said contractor and sureties and to prosecute the same
to final judgment and execution." The declared purpose of
the act was the protection of persons furnishing materials and
labor to contractors. The means adopted to secure the end was
the incorporation of the provision in the condition of the bond;
and the authorization of an action upon the obligation which
had been given by the contractor and his sureties to the gov-
ernment, the suit to be in the name of the United States for the
use of the private individual. The foundation of the action was
the original bond which had been given to the government, the
certified copy of which was but a convenient instrument of
proof. The provision with regard to furnishing the certified
copy imposed a duty upon the officers of the departments, but
they are not required to perform that duty until the party mak-
ing the application has furnished the affidavit showing his in-
terest. The officers might furnish the certified copy without
requiring the affidavit, but when the affidavit is filed the certi-
fied copy of the bond must be furnished. The filing of the
affidavit was made a condition upon which the right of the party
to demand certain evidence was dependent, but it was not a
condition precedent to his right of action. If the party can ob-
tain the legal evidence necessary to establish his right to recover

without furnishing an affidavit to the department, there can be no reason for his filing the affidavit: American Surety Company v. United States of America, 77 Ill. App. Ct. Reps. 106.

The bond upon which this action was brought was conditioned, as required by the act of congress, that the contractors should "promptly make full payment to all persons supplying them labor or materials in the prosecution of the work provided for in said contract." The contract between the plaintiff and the principal contractor contained an express stipulation as to the time of payment. "It is further agreed and understood, that W. W. Hegeman & Company will pay A. Ancorani on or about the first day of each month for all stone estimated and paid for by the government during the preceding month, retaining ten per cent until final completion of contract, under the usual conditions." One item of plaintiff's claim consisted of stone of the value of $686.62 delivered on December 20, 1899. Hegeman & Company could not under the terms of the contract be required to pay for these stone until the first of the month following that in which they were estimated and paid for by the government. This might keep the plaintiff out of his money a long time and involve financial ruin, but the contract was of his own making. Hegeman & Company may have been dependent upon the payments to be made by the government from time to time for the means to carry on the work, the plaintiff may have been willing to take his chances of the promptness of payment by the government; whatever their reasons may have been, both parties contracted to make the time of payment as between themselves dependent upon the time of payment by the government. The learned judge of the court below was of opinion that because the bond given by the contractors to the government was conditioned that they should "promptly make full payment to all persons supplying labor and materials," the plaintiff was not bound to wait until it suited the government to pay the contractors before he could bring suit on this bond. The difficulty with this position is that it ignores the express covenants of the contract between Hegeman & Company and Ancorani. The surety on the bond could not be required to pay until the amount owing by the principal had become due. He pays promptly who pays when his debts become due. The act of congress does not take away

from parties the right to make their own contracts. The surety who undertakes that his principal ·will pay his obligations promptly does not undertake to discharge those obligations before they become due. The plaintiff offered no evidence that the stone furnished in December, 1899, had been estimated or paid for by the government. The defendant offered evidence which if believed would have warranted a finding· that that lot of stone had not been estimated or paid for until long after this action was brought. If the delay of the government to estimate and pay for the stone was because of some default upon the part of the contractor, that fact ought to have been established by evidence. In the absence of such evidence, the defendant could not be called upon to pay for the stone until after the government had estimated and paid for it. If the right of the plaintiff to recover as to that particular item was not a question for the jury, then it was because he himself had offered no evidence from which the jury ought to have been permitted to infer that that item of the account had become due. We are convinced that, so far as that part of the claim is concerned, the learned judge of the court below fell into error in giving a binding instruction to find for the plaintiff.

The judgment is reversed and a venire facias de novo awarded.

*Principal and surety — Bond—Suit in name of United States— Public works—Demurrage.*